IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ALLYSON WOOD,** | |
| **Plaintiff,** | |
| v. | **Civil Action File No:** |
| **ST. MARY'S HOSPITAL INC. f/k/a ST. MARY'S HEALTH CARE SYSTEM INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff, Allyson Wood ("Ms. Wood" or "Plaintiff"), brings this lawsuit against Defendant, St. Mary's Hospital Inc., formerly known as St. Mary's Health Care System Inc., also known as Trinity Health[1] ("St. Mary's" or "Defendant"), seeking relief and damages based on the following:

## NATURE OF THE ACTION

1. This lawsuit concerns Defendant's actions, pertaining to Plaintiff's

---

[1] On February 22, 2023, Defendant changed its name from St. Mary's Health Care System Inc. to St. Mary's Hospital Inc. (See Exhibit No. 1.) Moreover, St. Mary's Health Care System is an indirect subsidiary of Trinity Health Corporation d/b/a Trinity Health. Ms. Wood was hired by Defendant in May of 2021 when its name was St. Mary's Health Care System, Inc.

1

employment, that violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000e *et seq.* ("Title VII"). Defendant's decision to reject Ms. Wood's COVID-19 religious accommodation exemption request and thereafter terminate her employment for failing to get the COVID-19 vaccine violated Title VII. Additionally, irrespective of her being terminated for not being vaccinated, Ms. Wood was terminated because of her religion and/or it was a motivating factor in Defendant's decision to terminate her employment.

## THE PARTIES

2.  Ms. Wood is a citizen of the State of Georgia. During the time of the events alleged in this Complaint, she worked for St. Mary's as a physical therapist in its Athens, Georgia service area.

3.  Defendant is a Georgia domestic nonprofit corporation operating in the state of Georgia, and its principal office address is: 1230 Baxter Street, Athens, Georgia 30606.

## JURISDICTION AND VENUE

4.  The jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§1331 and 1343.

5.  Venue is proper in this district and division under 28 U.S.C.A.

2

§1391 as Defendant conducts business in this district and division and the unlawful acts complained of herein occurred there.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Ms. Wood filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2022-01470, on March 18, 2022. A copy of this charge is attached hereto as Exhibit No. 2.

7. Plaintiff timely files this civil action against Defendant within 90 days of her receipt of a Determination and Notice of Rights a/k/a Right to Sue Letter, which is attached hereto as Exhibit No. 3.

8. All administrative remedies have been satisfied prior to the filing of this civil action.

## FACTUAL ALLEGATIONS

9. Ms. Wood began working for St. Mary's in June of 2021 as a home health physical therapist in its Athens, Georgia service area.

10. As a home health physical therapist, Ms. Wood spent most of her time working in the private homes of St. Mary's patients, where she performed physical therapy services.

11. Shortly thereafter, in July of 2021, St. Mary's implemented a COVID-19

vaccination policy that required all employees to receive a COVID-19 vaccination and subsequent booster vaccinations unless a medical or religious accommodation was received ("mandatory vaccination policy"). However, prior to the implementation of this policy, Ms. Wood was already wearing required personal protective equipment such as a mask, goggles, face shield, gown, and gloves and she performed daily temperature checks on herself and St. Mary's clients.  She also thoroughly sanitized herself and her equipment before, during, and after each patient's visit as she had been doing with each patient as part of her regular practice of hygiene and sterilization long before the pandemic started.

12. In pertinent part, the mandatory vaccination policy stated that: "[e]mployees with an approved exemption may be required to take other precautions as defined by Trinity Health, including but not limited to wearing a mask and physically distancing to prevent the spread of COVID-19."

13. On August 19, 2021, Ms. Wood submitted a written request to St. Mary's for a religious accommodation to its mandatory vaccination policy. Her request stated: "I am submitting for religious exemption for the COVID-19 vaccine based off my religious belief and practice against vaccinations. I do not participate in flu, pneumonia, shingles or covid vaccination in observance with my beliefs."

14. Thereafter, St. Mary's interviewed Ms. Wood concerning her religious

accommodation request, and during the interview, Ms. Wood stated that she was guided by prayer and that common sense guided by God through prayer helped her make her health decisions.

15. Even though Ms. Wood provided an explanation to St. Mary's about the nature of her religious belief and practice, the basis for said belief and practice, and why being compelled to take the COVID-19 vaccine would violate her religious liberty, St. Mary's denied Ms. Wood's request for a religious accommodation.

16. In response to this initial denial, on or about November 29, 2021, Ms. Wood sent St. Mary's an email wherein she detailed the basis of her religiously held objections to taking the COVID-19 vaccine. In relevant part, her email stated:

> "Under Title VII of the Civil Rights Act of 1964, individuals have the right to be free from discrimination on the basis of religion. As part of my religious beliefs, I object to vaccines including the flu and COVID-19 vaccinations. Employers are required to accommodate religious observances and practices unless doing so imposes an undue hardship on the business."

17. Her email also stated:

> "My request is neither unreasonable nor does it present any undue hardship on this company. I am already wearing required PPE with mask, goggles/face shield, gown, and gloves and perform daily temperature checks on myself and my clients. I thoroughly sanitize myself and my equipment before, during and after each visit as I have been doing with each patient as part of my regular practice of hygiene as sterilization long before this pandemic started."

18. Even though Ms. Wood provided a thorough explanation that expounded on the basis of her sincerely held religious beliefs for not taking the COVID-19 vaccine, St. Mary's did not change its initial determination to deny Ms. Wood a religious exemption. Accordingly, on December 7, 2021, it terminated her employment.

## COUNT I

(Denial of a Reasonable Accommodation and Termination in Violation of Title VII)

19. Ms. Wood incorporates by reference all preceding paragraphs of this Complaint.

20. St. Mary's denied Ms. Wood a reasonable accommodation concerning her sincerely held religious practice and belief pertaining to not taking the COVID-19 vaccine.

21. Ms. Wood held a bona fide religious belief that conflicted with St. Mary's mandatory vaccine employment requirement.

22. Ms. Wood informed St. Mary's of her sincerely held religious belief.

23. St. Mary's engaged in an unlawful discriminatory practice by denying Ms. Wood's request for a COVID-19 vaccination religious exemption, which would have been a reasonable accommodation.

24.     Granting Ms. Wood's COVID-19 vaccination religious exemption request would not have created an undue hardship for St. Mary's, because in the overall context of its business, allowing Ms. Wood not to be vaccinated would not have created a substantial burden.

25.     Granting Ms. Wood's COVID-19 vaccination religious exemption request would not have caused St. Mary's to incur costs and expenses that were excessive or at an unjustifiable level considering the overall context of its operations.

26.     Defendant denied Ms. Wood's request for a COVID-19 vaccination religious exemption, which would have been a reasonable accommodation, and this unreasonable denial resulted in her termination.

## COUNT II

(Ms. Wood Was Terminated by Defendant Because of Her Religion
in Violation of Title VII)

27.     Ms. Wood incorporates by reference all preceding paragraphs of this Complaint.

28.     Irrespective of being terminated because of an unreasonable denial of a reasonable accommodation, alternatively, and independently, Ms. Wood was

terminated because of her religious beliefs.

29.   In her communication with Defendant during the COVID-19 religious exemption request process, Ms. Wood expressed her religious beliefs and practices to St. Mary's.

30.   Upon information and belief, instead of evaluating her religious beliefs and practices objectively, Defendant expressed aversion, hostility, and derisiveness concerning Ms. Wood's beliefs and practices.

31.   Upon information and belief, Ms. Wood was one of only a few applicants who had a COVID-19 religious exemption request process; most of such other applicants' requests were granted by Defendant.

## COUNT III
(Religion Was a Motivating Factor in Defendant's Decision to Terminate Ms. Wood in Violation of Title VII)

32.   Ms. Wood incorporates by reference all preceding paragraphs of this Complaint.

33.   Irrespective of being terminated due to an unreasonable denial of a request for a religious accommodation or because of her religion, alternatively, and independently, religion was a motivating factor in Defendant's decision to terminate Ms. Wood's employment.

34. In her communication with Defendant during the COVID-19 religious exemption request process, Ms. Wood expressed her religious beliefs and practices to St. Mary's.

35. Upon information and belief, instead of evaluating her religious beliefs and practices objectively, Defendant expressed aversion, hostility, and derisiveness concerning Ms. Wood's beliefs and practices and this was a motivating factor in Defendant's decision to terminate her employment.

36. Upon information and belief, Ms. Wood was one of only a few applicants who had a COVID-19 religious exemption request process; most of such other applicants' requests were granted by Defendant.

## COUNT IV
(Punitive Damages)

37. Ms. Wood incorporates by reference all preceding paragraphs of this Complaint.

38. The unlawful discriminatory practices alleged herein were done with malice or reckless indifference to the federally protected rights of Ms. Wood; therefore, she is entitled to punitive damages under applicable law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands a trial by jury and that the following relief be

granted:

    A. Compensatory damages including but not limited to compensation for emotional distress and mental anguish;

    B. Back pay and benefits associated with lost promotional opportunities;

    C. Front pay associated with lost promotional opportunities;

    D. Punitive damages;

    E. Attorneys' fees and costs of litigation;

    F. Pre-judgment and post-judgment interest at the highest lawful rate; and

    G. Such other equitable relief as the Court deems just and proper, including directing Defendant to rehire Plaintiff to the position of assistant manager.

Respectfully submitted this 5th day of December 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road, Suite 800
Office No. 35
Atlanta, Georgia 30326
(telephone and fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**